IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LAWRENCE D. KENEMORE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 5:08cv104 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lawrence D. Kenemore, Jr., an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

Petitioner contends the predicate offenses were mail fraud counts, not embezzlement. Further, petitioner argues that all 12 underlying counts of mail fraud involved "gross income" used to pay expenses. Because petitioner was not convicted in this district, the trial transcripts

are not available to this court for review. However, given the determination that the *Santos* decision does not apply to cases other than those involving illegal gambling, even if petitioner is correct, the distinction is not material to the outcome of this petition.

Petitioner further asserts in his objections that he was convicted of a nonexistent offense in light of the holding in *United States v. Santos*, __ U.S. __, 128 S.Ct. 2020 (2008). Petitioner claims the decision should be applied retroactively to his case based on the application of *Santos* to a Section 2241 proceeding before the United States District Court for the Southern District of Indiana. *See Morales v. Jett*, No. 1:08cv786 (S.D. IN. June 11, 2008). However, another district court's retroactive application of *Santos* is not binding on this court. Further, the defendant in *Morales* was convicted of conspiracy to launder the proceeds of an illegal gambling business. Therefore, *Morales* fits within the narrow holding of *Santos*, unlike petitioner whose conviction involves embezzlement of funds from an employee benefit plan.

As set forth in the Report, petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Thus, this petition should be denied.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this 17th day of November, 2008.

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE